UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISION

FRED NEKOUEE, individually,

        Plaintiff,

vs.                                 Case No. 2:18-cv-02199

ESH/HV PROPERTIES L.L.C., a Delaware limited liability company

        Defendant.
_____/

## COMPLAINT
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, ESH/HV PROPERTIES L.L.C., a Delaware limited liability company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Plaintiff, Fred Nekouee, is an individual who resides in Tampa, Florida, in the County of Hillsborough.

    2.    Defendant's property, Extended Stay America, is located at 5401 W. 110th Street, Overland Park, Kansas 66211, in the County of Johnson.

    3.    Venue is properly located in the District of Kansas because venue lies in the judicial district of the situs of the property. The Defendant's property is located in and does business within this judicial district.

    4.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Fred Nekouee has progressive multiple sclerosis and requires the use of a wheelchair for mobility.

6. When surfaces are not nearly flat, Plaintiff's mobility is limited in his wheelchair.

7. The Plaintiff cannot move up or down steep inclines in his wheelchair because he lacks the strength and also risks tipping his wheelchair forwards or backwards.

8. Excessive cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessive slopes pose a risk of tipping the Plaintiff over sideways in his wheelchair.

9. On his visit to the Extended Stay America, the Plaintiff encountered excessively steep running and cross slopes in the parking lot and access aisle.

10. Mr. Nekouee travels to the Kansas City metropolitan area every three to six months to accompany his brother at heavy equipment auctions, or to visit heavy equipment dealerships, where he assists his brother compare prices to equipment available in other areas, or to help his brother evaluate whether to buy or sell heavy equipment, or to visit his uncle or cousin who live in such area.

11. Fred Nekouee has stayed at the property which forms the basis of this lawsuit in March 2018, and he plans to return to the Kansas City metropolitan area and the property in July 2018 for a heavy equipment auction and to avail himself of the goods and services offered to the public at the property since it is close to the heavy equipment auction and dealerships, and the home of his uncle and cousin he visits in the Kansas City metropolitan area.

12. The Plaintiff likes staying at moderately priced hotels like Extended Stay America,

and having a kitchen in the room is desirable since he likes to store and eat groceries he buys on his trips in his room.

14. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access that the Plaintiff encountered at the property have endangered his safety in his wheelchair, impaired his ability or those accompanying him to park a vehicle, impaired his ability to access the property, have impaired his use of the restrooms, and have impaired his ability to reach or access fixtures and amenities at the Extended Stay America.

14. The Plaintiff is deterred from visiting the Extended Stay America, even though he likes staying at such moderately priced hotels, because of the difficulties he will experience there until the property is made accessible to him in his wheelchair.

15. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Extended Stay America located at 5401 W. 110th Street, Overland Park, Kansas 66211 ("Extended Stay America").

16. Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 18 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Fred Nekouee desires to visit the Extended Stay America not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated

will have full and equal enjoyment of the property without fear of discrimination.

17. The Defendant has discriminated against the individual Plaintiff Fred Nekouee by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

18. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  Preliminary inspections of the Extended Stay America have shown that violations exist. The violations that Fred Nekouee personally encountered or observed on his stay at the Extended Stay America include, but are not limited to:

**PARKING**

a. In the parking lot of the Extended Stay America, there is no parking space for disabled patrons with van accessible signage in violation of Federal Law 2010 ADAAG §§ 208.2.4 and 502.6.

b. In the parking lot of the Extended Stay America, the parking space for disabled patrons has an excessively steep running slope, as steep as 1:19.2 (5.2%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

c. In the parking lot of the Extended Stay America, the parking space for disabled patrons has an excessively steep cross slope, as steep as 1:20.4 (4.9%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

d. In the parking lot for the Extended Stay America, the running slope of the access

aisle serving the disabled parking spaces is 1:18.2 (5.5%), which slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

e. In the parking lot of the Extended Stay America, the cross slope of the access aisle serving the disabled parking spaces is 1:35.7 (2.8%), which slope exceeds the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 502.4.

f. The cross slope of the walking surface towards the lobby is 1:18.5 (5.4%), which slope exceeds the maximum of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.

g. The cross slope of the walking surface from the parking spaces to the lobby is 1:33.3 (3%), which slope exceeds the maximum of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 403.3.

h. The accessibility ramp does not have a landing at the top of the ramp run and the slope of the accessibility ramp is 1:13.9 (7.2%), which slope is dangerously steeper than the landing allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 405.7.

i. The slope of the surface within the lobby entrance door required maneuvering space of 60 inches is 1:29.4 (3.4%), which slope is steeper than the maximum allowed slope of 1:48 (2%) within the door maneuvering space, in violation of Federal Law 2010 ADAAG § 402.4.4.

**LOBBY ENTRANCE DOOR**

j. The force needed to open the lobby door is 10 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010 ADAAG § 404.2.9.

**INTERIOR AREA**

k. The lobby vending machine card reader is 60 inches above the finished floor, which level is higher than the maximum allowed height of 48 inches above the finished floor when the reach depth is less than 20 inches, in violation of Federal Law 2010 ADAAG § 308.2.2.

l. The clear floor or ground space in the hallway between the flyer rack and the vending machine is only 22 inches, which clear floor space is less than the minimum required width of 30 inches, and turning space is not provided, in violation of Federal Law 2010 ADAAG §§ 305 and 304.3.

**LOBBY RESTROOM**

m. The lobby restroom does not have the signage and international symbol of accessibility, in violation of Federal Law 2010 ADAAG § 703.7.2.1.

n. The lobby restroom door pull side maneuvering clearance is a front approach beyond the latch and parallel to the doorway is 10 inches and less than the minimum clearance of 18 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

o. The rear wall grab bar in the lobby restroom is only 30 inches long, which length is less than the minimum required length of 36 inches, in violation of Federal Law 2010 ADAAG § 604.5.2.

p. The rear wall grab bar in the lobby restroom only extends 16 inches and 20 inches from the centerline of the water closet, which rear wall grab bar does not extend a minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side, in violation of Federal Law 2010 ADAAG § 604.5.2.

q. The toilet paper dispenser in the lobby restroom is 2 inches from the front of the water closet or toilet and outside the reach range of an individual in a wheelchair of a

minimum of 7 inches and a maximum of 9 inches in front of the water closet, in violation of Federal Law 2010 ADAAG § 604.7.

r. The paper towel dispenser outlet in the lobby restroom is 54 inches above the floor, which height is outside of the reach range of an individual in a wheelchair of a minimum height above the finished floor of 15 inches (380 mm) and a maximum of 48 inches (1220 mm), in violation of Federal Law 2010 ADAAG § 308.2.1.

s. The bottom edge of the mirror's reflecting surface in the lobby restroom is 46 inches above the finished floor, which height is higher than the maximum allowed height above the finished floor of 40 inches to permit an individual in a wheelchair to use the mirror, in violation of Federal Law 2010 ADAAG § 603.3.

t. The water closet or toilet in the lobby restroom does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG § 604.6.

u. The towel rack in the lobby restroom is installed at 56 inches above the finished floor, which height is higher than the maximum allowed height above the finished floor of 48 inches, in violation of Federal Law 2010 ADAAG § 603.4.

v. The liquid soap dispenser in the lobby restroom is installed at 62 inches above the finished floor, which height is higher than the maximum allowed height above the finished floor of 48 inches, in violation of Federal Law 2010 ADAAG §§ 308.2.2, 309.3, and 606.1.

**ACCESSIBLE GUESTROOM**

w. The door force needed to open the accessible guestroom door is 8 pounds, which force exceeds the maximum allowed force of 5 pounds (22.2 N) pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law

2010 ADAAG § 404.2.9.

x. The accessible guestroom door pull side maneuvering clearance in a latch approach perpendicular to the doorway is 36 inches where the wall clearance is at least 24 inches, which maneuvering clearance is less than the minimum required clearance of 48 inches, in violation of Federal Law 2010 ADAAG § 404.2.4.

y. The knee clearance height under the desk/table is the accessible guestroom is 26 inches, which height is less than the minimum required clearance height of 27 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 306.3.3.

z. The clear floor or ground space between the bed and the chair in the accessible guestroom is 19 inches, which clear floor space is less than the required minimum of 30 inches, in violation of Federal Law 2010 ADAAG § 305.

aa. Accessible guestroom cabinet door handles are 65 inches above the finished floor, which height is higher than the maximum reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 603.4.

bb. The bottom of the coat hooks/hangers in the accessible guestroom are 67 inches above the finished floor and the shelves in such closet are over 72 inches above the finished floor, which heights are higher than the maximum reach height above the finished floor of 48 inches, in violation of Federal Law 2010 ADAAG § 603.4.

cc. The hood keys in the accessible guestroom are 64 inches above the finished floor, which height is higher than the maximum allowed reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

dd. The night lamp key in the accessible guestroom is at 51 inches above the finished floor and higher than the maximum allowed reach height of 48 inches above the finished

floor, in violation of Federal Law 2010 ADAAG § 308.2.

ee. The iron in the accessible guestroom is at 65 inches above the finished floor and higher than the maximum allowed height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

ff. The curtain rod in the accessible guestroom is 57 inches above the finished floor and higher than the maximum allowed reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 308.2.

gg. The door latch in the accessible guestroom is 54 inches above the finished floor and higher than the maximum allowed reach height of 48 inches above the finished floor, in violation of Federal Law 2010 ADAAG § 404.2.7.

**ACCESSIBLE GUEST RESTROOM**

hh. The clearance width of the roll-in type shower in the accessible guest restroom is 29 inches, which inside clearance is less than the required minimum of 36 inches (1525 mm), in violation of Federal Law 2010 ADAAG § 608.2.3.

ii. The floor or ground surface of the accessible guest restroom shower has a slope of 1:24.4 (4.1%), which slope is steeper than the maximum allowed slope of 1:48 (2%), in violation of Federal Law 2010 ADAAG § 304.2.

jj. The grab bar is on the wall above the seat in the accessible guest restroom, roll-in shower compartment, in violation of Federal Law 2010 ADAAG § 608.3.2.

kk. In the accessible guest restroom, roll-in shower compartment, the inside clearance length of the shower compartment is 57.5 inches, which clearance length is less than the required minimum inside clearance of 60 inches (1525 mm), in violation of Federal Law 2010 ADAAG § 608.3.2.

ll. In the accessible guest restroom, roll-in shower compartment, the shower spray unit hose is only 48 inches long, which length of hose is shorter than the required minimum length of 59 inches (1500 mm) so the unit can be used as a fixed-position shower head and as a hand-held shower, in violation of Federal Law 2010 ADAAG § 608.6.

mm. The shower spray in the accessible guest restroom is located at 70 inches above the floor, which height is higher above the floor than the maximum of 48 inches, and it cannot be moved up or down without twisting the knob if it could be reached by an individual in a wheelchair, in violation of Federal Law 2010 ADAAG § 608.6.

nn. The rear grab bar in the accessible guest restroom only extends 16 inches and 20 inches from the centerline of the water closet and not a minimum of 12 inches (305 mm) on one side and 24 inches (610 mm) on the other side, in violation of Federal Law 2010 ADAAG § 604.5.2.

oo. The rear grab bar in the accessible guest restroom is only 32 inches long and less than the required minimum length of 36 inches, in violation of Federal Law 2010 ADAAG § 604.5.2.

pp. The lavatory sink in the accessible guest restroom does not have the required clear floor or ground space and knee and toe clearance required by Federal Law 2010 ADAAG §§ 305, 306.2.3.

qq. The lavatory sink pipes in the accessible guest restroom are not insulated, in violation of Federal Law 2010 ADAAG § 606.3 and 606.5.

rr. The toilet paper dispenser in the accessible guest restroom is outside the reach range of an individual in wheelchair, which dispenser centerline is 0 inches from the front of the water closet and not between a minimum of 7 inches and a maximum of 9 inches in

front of the water closet, in violation of Federal Law 2010 ADAAG § 604.7.

ss. In the accessible guest restroom, the bottom edge of the mirror's reflecting surface is 42 inches above the finished floor, which height is higher than the maximum allowed height of 40 inches above the finished floor to permit an individual in a wheelchair to use the mirror, in violation of Federal Law 2010 ADAAG § 603.3.

tt. The water closet or toilet in the accessible guest restroom does not have the flush control mounted on the open and wide side of the clear floor space, in violation of Federal Law 2010 ADAAG § 604.6.

19. All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

20. The discriminatory violations described in paragraph 18 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's building and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

21.     Defendant has discriminated against the individual by denying individuals access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

23.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was

designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

25. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Extended Stay America and adjacent parking lot spaces to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that at the commencement of the subject lawsuit the Defendant is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such

steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Kansas City, Kansas as the place of trial for this action.

    Respectfully submitted,

    s/Robert J. Vincze_____
    Robert J. Vincze (KS #14101)
    Law Offices of Robert J. Vincze
    PO Box 792
    Andover, Kansas 67002
    Phone: 303-204-8207
    Email: vinczelaw@att.net

    *Attorney for Plaintiff Fred Nekouee*